JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| LA QUINTA ARTS FOUNDATION, a California corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>CANDACE VERMILLION, an Individual; VERMILLION PROMOTIONS, LLC, an Arizona limited liability company, and Does 1 through 50, inclusive,<br><br>          Defendants. | **Case No.: ED CV 16-1879-DMG (DTBx)**<br><br>**AGREED PERMANENT INJUNCTION ORDER [19]** |

WHEREAS, since December 31, 1982, Plaintiff La Quinta Arts Foundation ("Plaintiff") has been engaged in organizing and holding an annual fine arts festival in La Quinta, California under the name "LA QUINTA ARTS FESTIVAL";

WHEREAS, on August 5, 2014, Plaintiff registered "LA QUINTA ARTS FESTIVAL" as a service mark in the United States Patent and Trademark Office,

under United States Service Mark Registration No. 4,578,706;

WHEREAS, in or around July 2016, Defendants Candace Vermillion and Vermillion Promotions, LLC (collectively "Defendants") began promoting and advertising an arts festival by the name "La Quinta Fine Art & Wine Festival" to be held on January 13-15, 2017 at the La Quinta Civic Center;

WHEREAS, on September 1, 2016, Plaintiff filed a Complaint for Damages and Injunctive Relief against Defendants in U.S. District Court for the Central District of California, which was assigned Case No. ED CV16-01879-DMG (DTBx), alleging a cause of action for trademark infringement;

WHEREAS, Plaintiff and Defendants have entered into a Settlement Agreement resolving their dispute on terms agreeable to the parties;

WHEREAS, pursuant to the Settlement Agreement, Plaintiff and Defendants have requested that the Court enter an Agreed Permanent Injunction Order against Defendants in the above-captioned lawsuit.

The Court finds that the Agreed Permanent Injunction should be entered as requested.

The Court makes the following findings of fact:

(1) Plaintiff has suffered an irreparable injury;

(2) Remedies available at law, such as monetary damages, are inadequate to compensate Plaintiff for its injury;

(3) Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted; and

(4) The public interest would not be disserved by entry of this Agreed Permanent Injunction.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that pursuant to the Parties' Settlement Agreement, Defendants Vermillion and Vermillion Promotions, together with their officers, directors, employees, agents,

representatives, servants, employees, attorneys, related entities, and affiliates, including, but not limited to, any party with a business relationship with Defendants, and all others acting in concert or participation with them, who receive actual notice of this Order, are permanently enjoined from:

1.     Advertising, offering for sale, selling, promoting and/or distributing any products or services under Plaintiff's "LA QUINTA ARTS FESTIVAL" mark, or any mark that is confusingly similar to Plaintiff's "LA QUINTA ARTS FESTIVAL" mark;

2.     Using the name "LA QUINTA FINE ART & WINE FESTIVAL" or any name that is confusingly similar to Plaintiff's service mark "LA QUINTA ARTS FESTIVAL";

3.     Conspiring with any other person or entity to commit the above-prohibited acts in any manner; and

4.     Attempting, causing or assisting in any of the above-prohibited acts in any manner.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall have all writs of execution and other process necessary to enforce this Order. IT IS SO ORDERED.

DATED:  November 7, 2016     _____
                                                    DOLLY M. GEE
                                      UNITED STATES DISTRICT JUDGE